FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EZRA B.,[1] | No. 2:19-cv-00041-MKD |
|       Plaintiff, | |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
|   vs. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[2] | |
|       Defendant. | ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 14, and grants Defendant's motion, ECF No. 15.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 28, 2016, Plaintiff applied for Title XVI supplemental security income benefits alleging an amended disability onset date of September 28, 2016. Tr. 15, 258-67. The application was denied initially, Tr. 187-90, and on reconsideration, Tr. 197-99. Plaintiff appeared before an administrative law judge (ALJ) on October 24, 2017. Tr. 36-93. On February 1, 2018, the ALJ denied Plaintiff's claim. Tr. 12-35.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 28, 2016. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbosacral degenerative arthritis, mild sensorineural hearing loss bilaterally, obesity, bipolar disorder, anxiety and personality disorder. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. Plaintiff was previously found not disabled by ALJs in 2009, Tr. 94-112, and in 2014, Tr. 119-45; as such, the ALJ applied the presumption of continuing non-disability, as directed by *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Tr. 15. The ALJ found there was substantial new and material evidence demonstrating changed circumstance and which warranted modification of the 2014 RFC. Tr. 16.

The ALJ concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8-hour day, and stand and/or walk 6 hours, in any combination, in an 8-hour workday with normal breaks. [Plaintiff] is limited to frequent stooping, kneeling and balancing; occasional crouching and crawling; occasional climbing of ramps, stairs, ladders, ropes and scaffolds; and should avoid concentrated exposure to heavy industrial-type vibration, loud noise, extreme cold, unprotected heights, and hazardous moving machinery. [Plaintiff] can understand, remember and carry out simple routine and/or repetitive work instructions and work tasks; would do best with hands on demonstration of work tasks versus written instructions; can have superficial contact with the general public; can work with, or in the vicinity of, coworkers but not in a teamwork-type work setting; can handle normal supervision (i.e., no over-the-shoulder or confrontational type of supervision); would do best in a routine work setting with little or no changes; and no fast paced or strict production quota type work.

Tr. 23.

ORDER - 7

At step four, the ALJ found Plaintiff is capable of performing his past relevant work as a cashier-checker and cook-short order. Tr. 28. Alternatively, the ALJ found at step five that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cleaner-housekeeping, cafeteria attendant and marker-pricer. Tr. 29. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 28, 2016, though the date of the decision. Tr. 30.

On December 4, 2018, the Appeals Council denied review of the ALJ's decision, Tr. 1-5, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 14 at 16.

**DISCUSSION**

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on clear and convincing reasons in discrediting his symptom claims. ECF No. 14 at 17-19. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at1163 (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the

ALJ to sufficiently explain why it discounted claimant's symptom claims).  "The

clear and convincing [evidence] standard is the most demanding required in Social

Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

*Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929 (c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," "to determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 24.

First, the ALJ found the objective evidence did not support Plaintiff's claims.  *Id.*  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Here, the ALJ cited to multiple pieces of evidence that were inconsistent with Plaintiff's claims.  While Plaintiff alleges disabling back pain, an MRI demonstrated only mild scoliosis and degenerative disc disease that did not correlate with Plaintiff's complaints.  Tr. 24 (citing Tr. 462, 547-48).  Plaintiff's physical examinations have been generally normal, Tr. 24 (citing Tr. 545-46, 611-12, 621, 644, 685, 715), with only occasional abnormal findings including tenderness and mildly reduced range of motion, Tr. 25 (citing Tr. 547-48, 611-12, 644), though he has had a normal gait and station even when he was experiencing

tenderness and range of motion limitations, Tr. 25 (citing Tr. 644, 718).  An

audiogram test indicated Plaintiff's hearing loss is mild, Tr. 25 (citing Tr. 706-11),

and there are no other incidences when Plaintiff was noted as having difficulty

hearing.

Additionally, while Plaintiff alleges disabling mental health symptoms, the

ALJ concluded that the evidence demonstrated Plaintiff's mental health symptoms

are not as disabling as alleged.  Tr. 25.  Plaintiff has reported improvement and

being psychiatrically stable.  Tr. 25 (citing Tr. 521, 729).  He has presented with

generally normal mental status examinations and minimal objective evidence of

symptoms. Tr. 25 (citing Tr. 528-29, 554, 561, 568-69, 644, 647, 697, 725, 728,

736, 741).  The ALJ's finding is supported by substantial evidence.

Second, the ALJ reasoned Plaintiff had improvement with treatment.  Tr. 25.

The effectiveness of treatment is a relevant factor in determining the severity of a

claimant's symptoms.  20 C.F.R. § 416.929(c)(3) (2011); *Warre v. Comm'r of Soc.*

*Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions

effectively controlled with medication are not disabling for purposes of

determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040

(9th Cir. 2008)(recognizing that a favorable response to treatment can undermine a

claimant's complaints of debilitating pain or other severe limitations).

As the ALJ noted, Plaintiff's physical and mental health symptoms responded to treatment. Tr. 25. Plaintiff reported improvement in his back pain with steroid injections, medication, and physical therapy. Tr. 25 (citing Tr. 644, 715). Plaintiff reported improvement in his mental health symptoms with counseling and medication, including decreased hallucinations, Tr. 521, improved mood and normalized sleep, Tr. 552, 728, increased activity, Tr. 549, 641, and stabilized symptoms, Tr. 722-23, 739. This was a clear and convincing reason to reject Plaintiff's statements.

Third, the ALJ found Plaintiff's statements were not consistent with the record as a whole. Tr. 26. An ALJ may reject limitations "unsupported by the record as a whole." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003). Here, the ALJ considered the records that demonstrate a lack of evidence to support Plaintiff's alleged disabling physical conditions, generally normal mental status examinations, and Plaintiff engaging in a variety of activities including caring for himself and a dog, engaging in chores and activities out of the home. Tr. 26. This was a clear and convincing reason to reject Plaintiff's statements.

Fourth, the ALJ found Plaintiff's activities were inconsistent with his reported limitations. Tr. 26. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a

substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair,* 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Id.* at 1112-13.

Here, Plaintiff reported visiting the Plaza weekly, helping his sister with yard work, and people watching at the House of Charity, Tr. 549, 641. Plaintiff lives alone and handles his own chores, meal preparation, self-care including taking his medication and cares for his dog. Tr. 473. He reported watching television, reading and using Facebook. *Id.* Even if the ALJ's analysis of Plaintiff's activities was erroneous, the error would be harmless as the ALJ gave other legally sufficient reasons to reject Plaintiff's statements. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Lastly, the ALJ found plaintiff made inconsistent statements. Tr. 26. In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability-review process with any other existing statements or conduct under other circumstances.

ORDER - 14

*Smolen*, 80 F.3d at 1284 (The ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid.").

The ALJ noted that while Plaintiff alleges significantly impaired sleep, he told providers his sleep was not impaired on several occasions and reported improvement in his sleep on other occasions. Tr. 26 (citing Tr. 520, 524, 552, 555, 729). Plaintiff also alleges significant social anxiety and isolation but has reported going to the Plaza and House of Charity and spending time with his family members. Tr. 26 (citing Tr. 549, 641). While he alleges disabling back pain, he reported to providers his pain improved with treatment. Tr. 26 (citing Tr. 542, 614, 624, 644). This was a clear and convincing reason to reject Plaintiff's statements.

The ALJ reasonably concluded that Plaintiff's impairments were not as limiting as Plaintiff claimed, given the objective evidence, record as a whole, improvement with treatment and Plaintiff's inconsistent statements. The ALJ gave clear and convincing reasons, supported by substantial evidence, to discount Plaintiff's symptoms complaints.

**B. Opinion Evidence**

Plaintiff argues that the ALJ improperly weighed the opinions of "examining sources," including John Arnold, PhD, and "treating counselors," which Plaintiff clarified meant Nikki Williams, LCSW. ECF No. 14 at 20, ECF No. 16 at 4.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. § 416.902[3] (acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, qualified speech-language pathologists, licensed audiologists, licensed advanced practice registered nurses, and licensed physician assistants). However, an ALJ is required to consider evidence from non-acceptable medical sources, such as therapists. 20 C.F.R. § 416.927(f).[4] An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim*, 763 F.3d at 1161.

_____

[3] Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. § 416.913.

[4] Prior to March 27, 2017, the requirement that an ALJ consider evidence from non-acceptable medical sources was located at 20 C.F.R. §§ 404.1513(d), 416.913(d).

ORDER - 17

Plaintiff argues the ALJ improperly rejected Dr. Arnold and Ms. Williams' opinions by not giving clear and convincing reasons for the rejections. *Id.* at 20. Plaintiff asserts that "neither the ALJ nor Dr. Toews considered the opinion of the examining doctor, John Arnold, PhD", which is a clear mischaracterization of the record, given the ALJ's analysis of Dr. Arnold's opinions and Dr. Toews having access to the entire file, including Dr. Arnold's opinions, when he rendered his own opinion. ECF No. 16 at 5, Tr. 27, 55. Plaintiff's argument stands only on the contention that Dr. Arnold and Ms. Williams' opinions should have been given more weight. However, Plaintiff did not indicate which portions of the opinions were improperly rejected, nor how those portions would specifically impact the decision, but rather generally argues that if the opinions were properly considered, the RFC would be different, and it would affect the decision. ECF No. 14 at 20. Further, Plaintiff does not cite to a single record to support his argument nor did he specifically challenge any of the ALJ's reasons for rejecting the opinions.

By failing to support his contentions with law or facts, Plaintiff waived this argument.[5] *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir.

---

[5] Counsel has a duty to substantively brief the issues presented for this Court's serious and just consideration. Fed. R. Civ. P. 1; LCivR 1; Wash. Rule of Prof'l Conduct 1.3. This Court has previously admonished Plaintiff's counsel for

ORDER - 18

2003) ("We require contentions to be accompanied by reasons."); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."); *Carmickle*, 533 F.3d at 1161 n.2. However, the Court conducted an independent review of the ALJ's decision and finds the ALJ's decision is supported by substantial evidence in the record.

### 1. Dr. Arnold

Dr. Arnold performed psychological examinations of Plaintiff on July 3, 2014 and June 16, 2016 and rendered opinions on those dates regarding Plaintiff's functioning. Tr. 374-78, 477-81. Dr. Arnold re-sent his prior examination results on October 16, 2016 but there is no indication that he completed a new examination on that date, and he did not add anything new to the prior documents beyond the new signature and date. Tr. 472-81.

---

inadequate briefing. *See, e.g., Rainey v. Comm'r of Soc. Sec.*, No. 2:17-cv-00271-FVS (E.D. Wash. Sept. 25, 2018) (Report and Recommendation, ECF No. 17 at 6-10) (adopted Oct. 11, 2018).

On June 16, 2016, Dr. Arnold opined that Plaintiff had marked limitations in all of the following: understand, remember and persist in detailed tasks; learn new tasks; adapt to changes; be aware of normal hazards and take appropriate precautions; maintain appropriate behavior in a work setting; and perform activities within a schedule with regular attendance without special supervision. Tr. 376. In 2014, Dr. Arnolds opined Plaintiff had all of the same marked limitations, as well as severe limitations in communicating and performing effectively in a work setting and maintaining appropriate behavior in a work setting. Tr. 479. In both opinions, Dr. Arnold also found Plaintiff had multiple moderate limitations. Tr. 376, 479.

The ALJ gave Dr. Arnold's opinions little weight. Tr. 27. Because Dr. Arnold's opinions are contradicted by Dr. Toew's opinion, Tr. 47-55, the ALJ was required to give specific and legitimate reasons to reject Dr. Arnold's opinion. *See Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Arnold's opinions predate the amended alleged onset date. *Id.* Evidence from outside the relevant period in a case is of limited relevance. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165; *see also Fair*, 885 F.2d at 597 (report that predated period at issue was relevant only to proving Plaintiff's condition had worsened); *Johnson v. Astrue*, 303 F. App'x 543, 545 (9th Cir. 2008) (affirming ALJ's rejection of medical opinions that were remote in time,

and reliance on more recent opinions); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (date of social worker's opinion rendered more than a year after the date last insured was a germane reason to not address the opinion). The Ninth Circuit, however, has held that the ALJ is required to consider "all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)).

Here, the ALJ considered Dr. Arnold's opinions, though they predated the amended alleged onset date. Tr. 27. Though the June 2016 opinion was rendered only a few months before the amended alleged onset date, the 2014 opinion was rendered over two years earlier. The timing of the opinions was a specific and legitimate reason to give more weight to more recent opinions over Dr. Arnold's opinions.

Second, the ALJ found Dr. Arnold's own examinations do not support his opinions. Tr. 27. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Furthermore, a physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

During Dr. Arnold's 2014 examination of Plaintiff, Plaintiff had a normal appearance, attitude and behavior. Tr. 480. He had progressive but occasionally illogical speech, depressed/anxious mood and mild to moderately constricted affect. *Id.* Dr. Arnold found Plaintiff's thoughts, orientation, perception, memory, fund of knowledge, concentration, insight, judgment and abstract thought were all within normal limits. Tr. 480-81. Plaintiff's Trails A score was within normal limits, though his Trails B score was impaired. Tr. 478.

In 2016, Plaintiff had normal appearance and speech, he was cooperative with a depressed/anxious mood and moderately constricted affect. Tr. 475. His thoughts, orientation, perception, abstract thought, insight, judgment and fund of knowledge were all normal. Tr. 476. Plaintiff had an impaired memory, recalling one of three items after a delay and recalled three of five presidents. *Id.* Plaintiff performed serial threes and could spell "table" forward and backward though he could not perform serial sevens. *Id.* Plaintiff's normal appearance behavior, thoughts, insight, judgment and speech, do not support Dr. Arnold's opinion that Plaintiff has marked limitations in his ability to adapt to changes, handle hazards and maintain appropriate behavior. This was a specific and legitimate reason to reject Dr. Arnold's opinions.

Third, the ALJ found the record as a whole does not support Dr. Arnold's opinions. Tr. 27. An ALJ may discredit physicians' opinions that are unsupported

by the record as a whole.  *Batson*, 359 F.3d at 1195.  Moreover, the extent to which

a medical source is "familiar with the other information in [the claimant's] case

record" is relevant in assessing the weight of that source's medical opinion.  *See* 20

C.F.R. § 416.927(c)(6).  As the ALJ noted, the record overall demonstrates largely

normal mental status findings, as well as Plaintiff reporting improvement with

treatment.  Tr. 27 (citing Tr. 521, 523-24, 529, 554-55, 561-62).  While mental

status exams included some abnormal findings, the records do not demonstrate the

level of impairment alleged by Plaintiff nor reported to Dr. Arnold.  Plaintiff

reported hallucinations two to three times per week, Tr. 472, bursts of energy that

last hours up to two to three days in which Plaintiff has increased activity such as

rearranging his room multiple times per day, and flashbacks one to two times per

week, Tr. 473.  However, Plaintiff reported decreases in the frequency and severity

of his hallucinations, and at some appointments, he reported no recent

hallucinations or that he only had them "sometimes."  Tr. 438, 724, 736.  He

generally reported his energy levels as normal, Tr. 432, and reported going months

without manic episodes, Tr. 521.  This was a specific and legitimate reason to

reject Dr. Arnold's opinion.

Fourth, the ALJ found Plaintiff's reported improvement with treatment was

inconsistent with Dr. Arnold's opinions.  Tr. 27.  A medical opinion may be

rejected if it is unsupported by medical findings.  *Bray*, 554 F.3d at 1228; *Batson*,

359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Tonapetyan*, 242 F.3d at 1149;

*Matney,* 981 F.2d at 1019. The ALJ noted that Plaintiff reported improvement in

his mental health symptoms with counseling and medication, including decreased

hallucinations, Tr. 521, improved mood and normalized sleep, Tr. 552, 728,

increased activity, Tr. 549, 641, and stabilized symptoms, Tr. 722-23, 739. This

was a specific and legitimate reason to reject Dr. Arnold's opinion.

Lastly, the ALJ found Dr. Arnold's opinions were inconsistent with the

opinions of Dr. Toews and the State agency psychological consultants. Tr. 28.

Generally, an ALJ should accord more weight to the opinion of an examining

physician than to that of a non-examining physician. *See Andrews*, 53 F.3d at

1040-41. However, the opinion of a nonexamining physician may serve as

substantial evidence if it is "supported by other evidence in the record and [is]

consistent with it." *Id*. at 1041. Dr. Toews found Plaintiff's mental health

impairments non-severe. Tr. 53. He relied on multiple records that demonstrated

generally normal examinations. Tr. 48-49, 507, 521, 523, 554, 561, 568, 573-74,

725, 741. Dr. Toews also pointed to evidence of improvement with medication

and engagement in vocational rehabilitation as support for his opinion. Tr. 54.

The State agency psychological consultants found Plaintiff had only mild to

moderate limitations. Tr. 166-67, 181-83. They found that Plaintiff's impairments

would not prevent him from being able to sustain work that required one to two-

step instructions.  Tr. 167, 182.  The determination includes explanations for the opinions, and citations to supporting evidence.  Tr. 161, 167, 177, 182.

The ALJ gave specific and legitimate reasons, supported by substantial evidence, to reject Dr. Arnold's opinions.

### 2. Ms. Williams

Ms. Williams, Plaintiff's treating counselor, opined on July 12, 2016 that Plaintiff meets the definition of disability under the Fair Housing Act.  Tr. 705.  She also opined Plaintiff's symptoms are alleviated by his therapy dog.  *Id.*  The ALJ gave Ms. Williams' opinion little weight.  Tr. 28.  Because Ms. Williams is not an acceptable medical source, the ALJ is required to give germane reasons for rejecting her opinion.  *Ghanim*, 763 F.3d at 1161.

First, the ALJ found Ms. Williams' opinion pre-date the amended alleged onset date.  *Id.*  While ALJs are required to consider all medical opinion evidence, evidence that is outside of the relevant adjudicate period is of minimal relevance.  *See Carmickle*, 533 F.3d at 1165; *see also Fair*, 885 F.2d at 597; *Johnson*, 303 F. App'x at 545; *Turner,* 613 F.3d at 1223-24; *Tommasetti*, 533 F.3d at 1041.  The ALJ considered Ms. Williams' opinion and weighed the relevant factor of the timing of the opinion.  The opinion pre-dating the amended alleged onset date was a germane reason to reject the opinion.

Second, the ALJ found Ms. Williams did not provide any explanation for her opinion. Tr. 28. The Social Security regulations "give more weight to opinions that are explained than to those that are not." *Holohan*, 246 F.3d at 1202. The ALJ properly considered the lack of explanation for Ms. Williams' opinion. Ms. Williams opined Plaintiff "has a disability" which meets the definition of disability under the Fair Housing Act and Section 504 of the Rehabilitation Act. Tr. 705. However, Ms. Williams did not explain what Plaintiff's disability was, how it substantially limited one or more major life activities, nor did she provide any support for her opinion by citing to any evidence. This was a germane reason to reject Ms. Williams' opinion.

Third, the ALJ found Ms. Williams' opinion was inconsistent with Plaintiff's relatively benign mental status exams. Tr. 28. An opinion may be rejected if it is unsupported by the provider's treatment notes. *Connett*, 340 F.3d at 875. Records from Ms. Williams' office, Frontier Behavioral Health, demonstrate generally normal mental status exams. *See, e.g.,* Tr. 390, 395, 428-29. Though the records contain some abnormalities, they are generally labeled mild, such as mildly tangential thoughts, and mildly elevated mood. Tr. 435. This was a germane reason to reject Ms. Williams' opinion.

Fourth, the ALJ found Ms. Williams' opinion was inconsistent with Plaintiff's improvement with treatment. Tr. 28. An opinion may be rejected if it

is unsupported by medical findings.  *Bray*, 554 F.3d at 1228; *Batson,* 359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Tonapetyan,* 242 F.3d at 1149; *Matney*, 981 F.2d at 1019.  Plaintiff reported improvement in his mental health symptoms with counseling and medication, including decreased hallucinations, Tr. 521, improved mood and normalized sleep, Tr. 552, 728, increased activity, Tr. 549, 641, and stabilized symptoms, Tr. 722-23, 739.

Lastly, the ALJ found Ms. Williams' opinion was inconsistent with the opinions of Dr. Toews and the State agency consultants.  Tr. 28.  The opinion of a nonexamining physician may serve as substantial evidence if it is "supported by other evidence in the record and [is] consistent with it."  *See Andrews*, 53 F.3d at 1041.  As discussed above, the ALJ properly weighed the non-examining source's opinions, which were supported by the evidence of record.

The ALJ gave germane reasons to reject Ms. Williams' opinion.  Further, any error would be harmless.  Ms. Williams' opinion does not include any specific functional limitations, and Plaintiff does not provide any arguments regarding how the rejection of Ms. Williams' opinion impacted the ALJ's decision.  Ms. Williams' opinion that Plaintiff has an unspecified disability that meets another agency's definition of disability, and that Plaintiff's emotional support animal provides symptom relief, is inconsequential to the ALJ's decision and thus any

error would be harmless.  *See Molina,* 674 F.3d at 1111.  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Andrew M. Saul as the Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED October 15, 2019.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 28